**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| MYRA HART, | * | |
|     Plaintiff, | * | |
|     v. | * | Civil Action No. AW-05-1157 |
| JACKSON HEWITT, INC., | * | |
|     Defendant. | * | |

\* \* \* \* \*

**MEMORANDUM OPINION**

This case involves claims based on Defendant's preparation of allegedly fraudulent financial documents. Currently pending before the Court is Defendant's Motion to Dismiss [5], citing Plaintiff's failure to effect proper service of process. The Court has reviewed the entire record, as well as the pleadings with respect to the instant motion. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated below, the Court will quash service of process as to Defendant, deny Defendant's Motion to Dismiss [5] without prejudice to refile at a later date, and grant Plaintiff 30 days to effect proper service of process over Defendant or face dismissal of her Complaint.

**I.   FACTUAL & PROCEDURAL BACKGROUND**

The following facts are taken in the light most favorable to Plaintiff. In 2003, Plaintiff was hired as Vice President of Operations of CJR Trucking, LLC ("CJR"). Later that year, Plaintiff was asked by Charles Jackson, Jr., an individual whose position within CJR is unclear, to personally sign for (and thereby assume financial responsibility for) new rental trucks. Hesitant to become personally liable for CJR's debt, Plaintiff asked to examine the company's financial records.

1

Plaintiff claims that an employee of Defendant, which is a national tax preparation firm, conspired with Mr. Jackson to prepare fraudulent tax and financial statements, which Plaintiff relied upon when reaching her decision to lease new trucks on behalf of CJR. Soon afterward, CJR's business foundered, leaving it unable to meet its financial obligations. A truck leased by Plaintiff for CJR was repossessed by the bank, and creditors began to pursue litigation against Plaintiff for her outstanding debts. Ultimately, Plaintiff was forced to file for protection under Chapter 7 of the Bankruptcy Code.

Plaintiff commenced this action in the Circuit Court for Prince Georges County, Maryland, alleging that her "financial and credit resources were ruined due to the fraudulent financial statements prepared by defendant Jackson Hewitt, Inc." Pl.'s Compl. ¶ 24. On April 22, 2005, Defendant's Motion to Dismiss was filed in state court. On April 27, 2005, this action was removed to federal court on the basis of diversity jurisdiction. Plaintiff's response had apparently been filed on May 2, 2005, with the Circuit Court, and was attached by Defendant to its reply memorandum. The Court will not require the parties to replead motions or memoranda filed in state court. The Court will now rule on the instant motion.

## II.  ANALYSIS

Rule 4(h) of the Federal Rules of Civil Procedure provides that service of process upon a corporation may be effected:

> in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant

Fed. R. Civ. P. 4(h)(1). Subdivision (e)(1) provides that service may be effected "pursuant to the law of the state in which the district court is located." Fed. R. Civ. P. 4(e)(1). In this case, Plaintiff has

attempted to effect service by sending the summons and complaint by certified mail to Corporation Service Company ("CSC"), Defendant's registered agent in Virginia. Therefore, Rule 4(h)'s provisions concerning service by delivery to an agent are inapplicable, and the Court, looking to Rule 4(e)(1), must determine whether service was effected in accordance with Maryland law.

Plaintiff argues that service here was proper under Maryland law permitting service by certified mail. Plaintiff cites Maryland Rule 2-121, which provides, in pertinent part, that "[s]ervice of process may be made within this State or, when authorized by law of this State, outside of this State . . . by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail . . . ." This provision must, however, be read in conjunction with Maryland Rule 2-124, which states that service upon a corporation is made by serving "its resident agent, president, secretary, or treasurer." A "resident agent" is defined as "an individual residing in this State [of Maryland] or a Maryland corporation whose name, address, and designation as a resident agent are filed or recorded with the [State] Department [of Assessments and Taxation] in accordance with the provisions of the article." Md. Code Ann. Corps. & Ass'ns § 1-101. Defendant maintains a resident agent in Maryland. *See* Def.'s Rep. Ex. C. Plaintiff failed to serve Defendant's Maryland resident agent, attempting instead to serve its Virginia resident agent. Accordingly, Plaintiff has failed to effect proper service under Maryland law.

Alternatively, Plaintiff suggests that service was proper under Virginia law. Maryland Rule 2-121 provides that "[s]ervice outside of the State may also be made in the manner prescribed by . . . the foreign jurisdiction if reasonably calculated to give actual notice." Virginia law provides that:

> process may be served on a corporation created by the laws of the Commonwealth as follows:
> (1) By personal service on any officer, director, or registered agent of such corporation; or

3

> (2) By substituted service on stock corporations in accordance with § 13.1-637 and on nonstock corporations in accordance with § 13.1-836.

Va. Code Ann. § 8.01-299. Defendant is a corporation established under the laws of Virginia. There is no dispute concerning the lack of personal service in this case; accordingly, only the "substituted service" provision bears any relevance to the instant matter. Defendant has asserted that it is a nonstock corporation; therefore, pursuant to the above-referenced statute, service must be made in accordance with Va. Code Ann. § 13.1-836. Section 13.1-836, however, does not authorize service by certified mail. Rather, section 13.1-836 states that the "registered agent of a corporation is the corporation's agent for service of process, notice, or demand" and that the registered agent "may by instrument in writing, acknowledged before a notary public, designate a natural person or persons in the office of the registered agent upon whom any such process, notice or demand may be served." Va. Code Ann. § 13.1-836. This section also authorizes the State Corporation Commission to act as a statutory agent when a corporation fails to designate a registered agent, and notes that "this section does not prescribe the only means, or necessarily the required means, of serving a corporation." What this section *does not* provide for, however, is service of process by certified mail.

Plaintiff also cites to Virginia Code section 8.01-286.1, which Plaintiff claims "clearly affords the opportunity for process to be had by certified mail." Pl.'s Mem. at 4. Defendant points out that this provision was recently enacted by the Virginia legislature, and that it had not yet been approved at the time Plaintiff attempted to effect service. Furthermore, Va. Code Ann. § 8.01-286.1 has to do with waiver of service of process, which is not at issue in this case.

In sum, Plaintiff has failed to demonstrate that her attempt to effect service of process by certified mail was adequate under either Maryland or Virginia law, nor has Plaintiff argued that there

is good cause to grant an extension. It would be well within the Court's power to dismiss Plaintiff's Complaint; however, the Court does not believe that it is required to do so. Fed. R. Civ. P. 4(m) provides that, upon a showing of insufficient service of process, the district court "shall dismiss the action without prejudice as to that defendant *or direct that service be effected within a specified time. . . .*" (emphasis added). Rule 4(m) was added to the Federal Rules of Civil Procedure in 1993, replacing the former Rule 4(j), which required courts to dismiss a plaintiff's complaint absent a showing of good cause if service was not made within 120 days after the filing of the complaint. The Advisory Committee Notes to Rule 4(m) make plain that it was intended to provide the court with discretion to extend the time allowed for service, whether or nor the plaintiff had shown good cause. Specifically, the Notes provide that "[t]he new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and *authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown*." (emphasis added). However, contrary to this clear directive, the Fourth Circuit held in *Mendez v. Elliott*, 45 F.3d 75, 78 (4th Cir. 1995), that Rule 4(m) *mandated* the dismissal of a complaint where service of process was not perfected within 120 days and no good cause was shown. This position is distinctly in the minority. *See Hammad v. Tate Access Floors*, 31 F. Supp. 2d 524, 526-27 (D. Md. 1999) ("Among the circuit courts that have addressed this issue, the Fourth Circuit stands alone in holding that Rule 4(m) does not permit a district court to grant the plaintiff a discretionary extension of time to effect service of process.")

Furthermore, shortly after *Mendez* was decided, the Supreme Court stated in *Henderson v. United States*, 517 U.S. 654 (1996), that under Rule 4(m), "courts have been accorded discretion to

enlarge the 120-day period 'even if there is no good cause shown.'" *Id.* at 662 (quoting Advisory Commitee's Notes on Fed. R. Civ. P. 4(m)). Although this statement is technically dicta, courts within this Circuit have read *Henderson* as support for the proposition that district courts may grant discretionary time extension under Rule 4(m) without a showing of good cause. *See, e.g.*, *Melton v. Tyco Valves & Controls, Inc.*, 211 F.R.D. 288 (D. Md. 2002) (Nickerson, J.) (finding that court possessed discretionary authority to enlarge time period even without showing of good cause); *Hammad,* 31 F. Supp. 2d at 528 (same). Accordingly, "in light of the Supreme Court's clear explication of the meaning of Rule 4(m) to allow discretionary extensions of time for service of process," this Court also concludes that "it possesses the authority to extend the time allowed for service of process, not only for good cause shown, but also as an extension of the court's discretion." *Id.* at 528-29.

This Court believes that the exercise of that discretion in favor of Plaintiff is appropriate here. Plaintiff has not pursued litigation dilatorily, nor has she knowingly flouted the rules governing service of process. Although the issue of whether Plaintiff's failure to effect proper service was excused by good cause is not presently before us, courts within this jurisdiction have held that "[g]ood cause encompasses reasonable diligent efforts to effect service on the defendants." *Burns & Russell Co. v. Oldcastle, Inc.*, 166 F. Supp. 2d 432,439 fn.9 (D. Md. 2001) (citing *Quann v. Whitegate Edgewater*, 112 F.R.D. 649, 659 (D. Md. 1986)). Here, service of process by certified mail was insufficient only because the summons and complaint were sent to Defendant's Virginia, rather than its Maryland, resident agent. Defendant's Virginia resident agent, however, accepted service of process on Defendant's behalf, and forwarded notice of service to Defendant. Under these circumstances, it appears that Plaintiff has made "reasonable diligent efforts" to effect service on

enlarge the 120-day period 'even if there is no good cause shown.'" *Id.* at 662 (quoting Advisory Commitee's Notes on Fed. R. Civ. P. 4(m)). Although this statement is technically dicta, courts within this Circuit have read *Henderson* as support for the proposition that district courts may grant discretionary time extension under Rule 4(m) without a showing of good cause. *See, e.g.*, *Melton v. Tyco Valves & Controls, Inc.*, 211 F.R.D. 288 (D. Md. 2002) (Nickerson, J.) (finding that court possessed discretionary authority to enlarge time period even without showing of good cause); *Hammad,* 31 F. Supp. 2d at 528 (same). Accordingly, "in light of the Supreme Court's clear explication of the meaning of Rule 4(m) to allow discretionary extensions of time for service of process," this Court also concludes that "it possesses the authority to extend the time allowed for service of process, not only for good cause shown, but also as an extension of the court's discretion." *Id.* at 528-29.

This Court believes that the exercise of that discretion in favor of Plaintiff is appropriate here. Plaintiff has not pursued litigation dilatorily, nor has she knowingly flouted the rules governing service of process. Although the issue of whether Plaintiff's failure to effect proper service was excused by good cause is not presently before us, courts within this jurisdiction have held that "[g]ood cause encompasses reasonable diligent efforts to effect service on the defendants." *Burns & Russell Co. v. Oldcastle, Inc.*, 166 F. Supp. 2d 432,439 fn.9 (D. Md. 2001) (citing *Quann v. Whitegate Edgewater*, 112 F.R.D. 649, 659 (D. Md. 1986)). Here, service of process by certified mail was insufficient only because the summons and complaint were sent to Defendant's Virginia, rather than its Maryland, resident agent. Defendant's Virginia resident agent, however, accepted service of process on Defendant's behalf, and forwarded notice of service to Defendant. Under these circumstances, it appears that Plaintiff has made "reasonable diligent efforts" to effect service on

Defendant, and that Defendant has received actual notice of the claims asserted in Plaintiff's Complaint. At this juncture, the likely effect of dismissing Plaintiff's Complaint without prejudice would be to unnecessarily prolong these proceedings, an outcome that would benefit neither the parties nor this Court. Accordingly, in the interests of justice and judicial economy, this Court will DENY Defendant's Motion to Dismiss without prejudice to refile at a later date, and GRANT Plaintiff 30 days to effect service of process over Defendant.

## III. **CONCLUSION**

For all of the aforementioned reasons, the Court will quash service of process as to Defendant, deny Defendant's Motion to Dismiss [5] without prejudice to refile at a later date, and grant Plaintiff 30 days to effect proper service of process over Defendant. An Order consistent with this Opinion will follow.

Date:   October 26, 2005                                       /s/
                                                       Alexander Williams, Jr.
                                                       United States District Court